UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| MOHAMMAD HASSAN ALI,<br>Petitioner,<br><br>vs.<br><br>LORETTA E. LYNCH, et al.,<br>Respondents. | Case No. 1:16-cv-1182<br><br>Barrett, J.<br>Litkovitz, M.J.<br><br>**REPORT AND<br>RECOMMENDATION** |

Petitioner, who is incarcerated at the Butler County Jail in Hamilton, Ohio, pursuant to detention orders issued by United States Immigration and Customs Enforcement (ICE), has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (*See* Doc. 1). On March 27, 2017, respondents responded to the petition by filing a return of writ and motion to dismiss the petition. (Doc. 8). Petitioner has filed a reply. (Doc. 9). This matter is now ripe for disposition.

## I. BACKGROUND

On September 20, 2001, petitioner, a native and citizen of Somalia, was admitted to the United States as refugee. (Doc. 8-1, Tremont Decl. at PageID 26, ¶ 3). On October 6, 2009, petitioner was convicted in the Superior Court of California, County of San Diego of Corporal Injury to Spouse and/or Roommate, in violation of the California Penal Code, Section 273.5(a). (*Id.* at PageID 26, ¶4).

A Notice to Appear before an immigration judge was issued on July 7, 2010, charging petitioner with removability under §§ 237(a)(1)(A) and 237(a)(2)(E)(i) of the Immigration and Nationality Act (INA).[1] (*Id.* at PageID 26, ¶5). On October 20, 2011, after petitioner failed to appear at the hearing, petitioner was ordered removed to Somalia pursuant to INA §

---

[1] INA § 237(a)(2)(E)(i), the basis upon which petitioner was ultimately ordered removed, is codified at 8 U.S.C. § 1227(a)(2)(E)(i).

237(a)(2)(E)(i). Petitioner was taken into ICE custody on July 8, 2016 pursuant to his final removal order and is currently detained in the Butler County Jail in Hamilton, Ohio. (*Id.* at PageID 27, ¶7).

On August 12, 2016, petitioner received a post-order custody review and was served with a Decision to Continue Detention letter. (*Id.* at PageID 27, ¶10). After a second post-order custody review on November 23, 2016, petitioner was served with another Decision to Continue Detention letter. (*Id.* at PageID 27, ¶ 11).

## II. HABEAS PETITION

Petitioner commenced the instant habeas corpus action on December 30, 2016. (*See* Doc. 1). Petitioner contends that he is entitled to relief because he has been detained for more than six months with no significant likelihood of actual removal, in violation of *Zadvydas v. Davis*, 553 U.S. 678 (2001). He also claims that his continued detention violates his federal due process rights.

In the motion to dismiss, respondents argue that petitioner's removal is significantly likely to occur in the foreseeable future. (Doc. 8). In support of this position, respondents include the affidavit of Robert Tremont, a Detention and Deportation Officer in charge of the Somalian Docket, which includes assisting in obtaining travel documents and coordinating removal. According to Tremont, there is a significant likelihood that petitioner will be removed in the reasonably foreseeable future. (Doc. 8-1, Tremont Decl. at PageID 27, ¶ 13).

## III. OPINION

Congress has prescribed that once an alien has been ordered to be removed from the United States, "the Attorney General shall detain the alien" and "remove the alien from the United States within a period of 90 days." 8 U.S.C. §§ 1231(a)(1)(A) & 1231(a)(2). Title 8 U.S.C. § 1231(a)(6) further provides in relevant part:

2

> An alien ordered removed who is inadmissible under section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the [90-day] removal period.

By its terms, § 1231(a)(6) "applies to three categories of aliens: (1) those ordered removed who are inadmissible under § 1182, (2) those ordered removed who are removable under § 1227(a)(1)(C), § 1227(a)(2), or § 1227(a)(4), and (3) those ordered removed whom the Secretary [of DHS] determines to be either a risk to the community or a flight risk." *Clark v Martinez*, 543 U.S. 371, 377 (2005). In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Supreme Court interpreted the provision "to authorize the Attorney General (now the Secretary [of DHS]) to detain aliens in the second category only as long as 'reasonably necessary' to remove them from the country." *Clark*, 543 U.S. at 377 (quoting *Zadvydas*, 533 U.S. at 689, 699). The *Zadvydas* Court held that reading § 1231(a)(6) to authorize indefinite detention would "raise a serious constitutional problem" under the Fifth Amendment's Due Process Clause. *Zadvydas*, 533 U.S. at 690. Therefore, the Court "construe[d] the statute to contain an implicit 'reasonable time' limitation, the application of which is subject to federal-court review." *Id.* at 682.

In *Zadvydas*, 533 U.S. at 701, the Supreme Court considered the six-month detention of an alien who is subject to removal due to criminal convictions to be presumptively reasonable. The Court then provided the following guidance in addressing detentions that exceed the six-month presumptively reasonable limit:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the

3

contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*Id.*

In this case, petitioner does not challenge his removal order or dispute that he is subject to removal under 8 U.S.C. § 1227(a)(2) because of his criminal conviction. Because petitioner was deemed to be removable under § 1227(a)(2), he falls within the second category of aliens eligible for extended detention under § 1231(a)(6). It is undisputed that, at this point in time, petitioner has been detained longer than the six-month presumptively reasonable period under *Zadvydas*. However, petitioner has not met his initial burden of proof under *Zadvydas* in the absence of any evidence in the record showing that there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *See Zadvydas*, 533 U.S. at 701. Petitioner claims that his removal is unlikely because Somalia's government is unstable and has not issued the necessary travel documents. (*See* Doc. 1 at PageID 3–4).

It appears from the record presented that ICE officials have been working to secure a travel document for petitioner's removal. ICE Deportation Officer Tremont avers that "Petitioner's documents were uploaded into electronic travel documents (eTD)" on July 13, 2016.[2] (Tremont Decl., Doc. 8-1 at PageID 27, ¶9). According to Tremont, on January 24, 2017, "ICE repatriated 90 Somali nationals to Somalia via charter flight" and "[i]t is expected [that] Petitioner's travel document will be issued in the near future and he will be placed on a charter flight." (*Id.* at PageID 27, ¶13). Tremont further avers that "[t]here is a significant likelihood that Petitioner will be removed in the reasonably foreseeable future, now that the

---

[2] According to the Department of Homeland Security webpage, the electronic Travel Document (eTD) System is the means through which ICE personnel can request and foreign consular officers can review and adjudicate travel document requests for aliens who have been ordered removed or granted voluntary departure from the United States but do not possess valid travel documents. Viewed at https://www.dhs.gov/publication/dhsicepia-003-electronic-travel-document-system-0.

Presidential election in Somalia has concluded."[3] (*Id.* at PageID 27, ¶13). There is simply no evidence in the record to suggest that Somalia will refuse to issue the requested travel document in the reasonably foreseeable future or that there is any institutional barrier or other impediment that will prevent petitioner's removal from the United States to Somalia in the reasonably foreseeable future.

In other analogous cases where the only impediment to removal is the issuance of the appropriate travel documentation, courts have uniformly held that "mere delay by the foreign government in issuing travel documents, despite reasonable efforts by United States authorities to secure them, does not satisfy a detainee's burden under *Zadvydas* to provide good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *See Estenor, supra,* 2011 WL 5572596, at *3 (citing *Joseph v. Holder*, No. 11-11118, 2011 WL 2893070, at *3 (E.D. Mich. July 20, 2011); *Resil v. Hendricks*, Civ. Act. No. 11-2051, 2011 WL 2489930, at *6 (D.N.J. June 21, 2011)); *see also Newell v. Holder*, 983 F. Supp.2d 241, 248 (W.D.N.Y. 2013) (and numerous cases cited therein); *Nasr v. Larocca,* No. CV 16-1673, 2016 WL 3710200, at *3-4 (C.D. Cal. June 1, 2016) (Report & Recommendation) (and numerous cases cited therein), *adopted*, 2016 WL 3704675 (C.D. Cal. July 11, 2016);[4] *Chen v. Banieke*, Civ. No. 15-2188, 2015 WL 4919889, at *4-5 (D. Minn. Aug. 11, 2015); *Head v. Keisler*, No. CIV-07-402-F, 2007 WL 4208709, at *5-6 (W.D. Okla. Nov. 26, 2007) (and numerous cases cited therein). In the absence of any evidence in the record to suggest that the Somalia Embassy

---

[3] According to Tremont "[i]n FY 2016, Somalia had been repatriating all of its verified nationals that have been ordered removed from the United States, but in the fall of 2016, Somalian authorities adjusted their position on full acceptance of repatriations due to pending elections, promising the charter mission schedule would be resumed once the elections were held." (*Id.* at PageID 27, ¶12).

[4] In *Nasr*, the court cited in a "but see" reference one decision by the Ninth Circuit, wherein the court held that a detention of five years was "plainly unreasonable under any measure." *See Nasr, supra,* 2016 WL 3710200, at *4 (citing *Nadarajah v. Gonzales*, 443 F.3d 1069, 1080 (9th Cir. 2006)). In this case, petitioner's eight-month confinement since the issuance of the removal order in May 2016 does not implicate any such concerns.

will not issue the requested and expected travel document in the reasonably foreseeable future, the undersigned concludes that petitioner has failed to meet his initial burden of proof under *Zadvydas*.

Finally, petitioner has not demonstrated that he is entitled to habeas relief on the ground that he has not been provided a "neutral decision-maker" to review his continued custody in violation of his right to procedural due process. (*See* Doc. 1 at PageID 4–5). There is simply no evidence in the record even remotely suggesting there is any merit to that conclusory claim. *Cf. Atugah v. Dedvukaj*, No. 2:16cv68, 2016 WL 3189976, at *4 (W.D. Mich. May 10, 2016) (Report & Recommendation) (rejecting a similar claim as meritless), *adopted*, 2016 WL 3166600 (W.D. Mich. June 7, 2016), *appeal filed*, No. 16-1862 (6th Cir. June 22, 2016); *Moses, supra*, 2016 WL 2636352, at *4 (holding in an analogous case that in the absence of "some indication . . . that ICE failed to comply with any specific requirements" of custody-review procedures established in the Code of Federal Regulations, petitioner had not demonstrated a violation of his Fifth Amendment right to procedural due process).

Accordingly, in sum, the undersigned concludes that petitioner has not demonstrated that he is entitled to habeas corpus relief because he has not shown that he is currently in ICE custody in violation of the Constitution or laws of the United States. Although petitioner has not shown an entitlement to relief at this time, if his detention continues for an extended period, he may be able to make the requisite showing under *Zadvydas* at a later time. *Cf. Nasr, supra*, 2016 WL 3710200, at *6 (and cases cited therein); *Estenor, supra*, 2011 WL 5572596, at *4. Therefore, the instant petition should be dismissed without prejudice to petitioner's ability to apply for future relief if circumstances change. *See id.*

## IT IS THEREFORE RECOMMENDED THAT:

1. The petitioner's pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) be **DISMISSED** without prejudice.

2. A certificate of appealability should not issue because petitioner has not stated a "viable claim of the denial of a constitutional right," nor are the issues presented "adequate to deserve encouragement to proceed further." *See Slack v. McDaniel,* 529 U.S. 473, 475 (2000) (citing *Barefoot v. Estelle,* 463 U.S. 880, 893 & n.4 (1983)); *see also* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and, therefore, should **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date: 4/27/17

Karen L. Litkovitz
United States Magistrate Judge

7

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

MOHAMMAD HASSAN ALI,
Petitioner,

vs.

LORETTA E. LYNCH, et al.,
Respondents.

Case No. 1:16-cv-1182

Barrett, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).